UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

United States of America,

                Plaintiff,                    Case No. 21-cr-20633
                                                  Honorable Judith E. Levy

vs.

D-2 Damario Howell,

                Defendant.

---

## Stipulated Preliminary Order of Forfeiture

---

Plaintiff, by and through its undersigned attorneys, together with the defendant Damario Howell ("defendant"), by and through his attorney, Rhonda R. Brazile, submit this Stipulated Preliminary Order of Forfeiture for immediate entry, and stipulate and agree to the following.

An Indictment was filed on October 12, 2021, which charged the defendant with Count One, Carjacking in violation of 18 U.S.C. § 2119 involving motor vehicle, to wit: a 2019 Chevrolet Equinox, Count Two, Carjacking in violation of 18 U.S.C. § 2119 involving motor vehicle, to wit: a 2019 Dodge Journey, Count Three, Carjacking in violation of 18 U.S.C. § 2119 involving motor vehicle, to wit: a 2019 Dodge Challenger.  The Indictment further charged defendant with Count Four, Count Five and Count Six, Brandishing a Firearm During and in Relation to

a Crime of Violence in violation of 18 U.S.C. § 924(c) and Count Eight, Receipt of

a Firearm While Under Indictment in violation of 18 U.S.C. § 922(n).

The Indictment sought criminal forfeiture pursuant to Title 18, United States

Code, Section 982(a)(5) and Title 18, United States Code, Section 924(d) together

with Title 28, United States Code, Section 2461.

(ECF No. 21, Page ID.39)

On or about December 13, 2022, defendant entered into a Rule 11 Plea

Agreement and pleaded guilty to Count One, Count Two, Count Three, Count Five

and Count Six of the Indictment.  Count One, Count Two, and Count Three charge

the defendant with Carjacking under 18 U.S.C. § 2119.  Count Five and Count Six

charge the defendant with Using and Carrying a Firearm During and in Relation to

a Crime of Violence under 18 U.S.C. § 924(c).

(ECF No. 36, Page ID.109)

Based upon the Indictment, the Plea Agreement, this Stipulation, and other

information in the record, and pursuant to 18 U.S.C § 982(a)(5), 18 U.S.C. § 924

(d) and 28 U.S.C. § 2461(c), the Subject Property **IT IS HEREBY ORDERED,**

**ADJUDGED AND DECREED THAT**:

1.     The defendant shall forfeit to the United States all right, title and

interest he may possess in any firearms and ammunition involved in the violation

2

of his offense charged in 18 U.S.C. § 2119, 18 U.S.C. § 924(c) and 18 U.S.C. §

922(n) of the Indictment, including, but not limited to the following:

- One (1) Glock GMBH 10mm caliber pistol, model: 20GEN4, S/N: BSPU540, with magazine

- Sixteen (16) rounds of 10mm caliber ammunition

- One (1) black plastic Glock case containing two (2) magazines and two (2) rounds of 10mm caliber ammunition

("Subject Property").

2.      The Subject Property **IS HEREBY FORFEITED** to the United

States under 18 U.S.C. § 982(a)(5), 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c) for

disposition according to law, and any right, title and interest of the defendant, and

any right, title and interest that his heirs, successors or assigns have, or may have,

in the Subject Property is **HEREBY AND FOREVER EXTINGUISHED**.

3.      The Subject Property was involved in the defendant's violation(s) of

18 U.S.C. § 2119 and 18 U.S.C. § 924(c) and is therefore subject to forfeiture

under 18 U.S.C. § 982(a)(5), 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c) and the

requisite nexus exists between the Subject Property and the offense of conviction.

4.      In entering into this Stipulated Preliminary Order of Forfeiture, the

defendant waives his right to have a jury determine the forfeitability of his interest

in the Subject Property as provided by Fed. R. Crim. P. 32.2(b)(5).  The defendant

knowingly, voluntarily and intelligently waives any challenge to the above-

described forfeiture based upon the Excessive Fines Clause of the Eighth

Amendment to the United States Constitution.

5.     Pursuant to Fed.R.Crim.P. 32.2(b)(4)(A), this Stipulated Preliminary

Order of Forfeiture shall become final and effective as to the defendant at the time

it is entered by the Court but remains preliminary as to third parties until the

ancillary proceedings, if any, are concluded under Rule 32.2(c).

6.     The forfeiture of the Subject Property shall be made part of the

defendant's sentence and included in his Judgment.

7.     The defendant's counsel, Rhonda R. Brazile, affirms that she has

discussed this Stipulated Order with the defendant and that the defendant consents

to the entry of the Stipulated Preliminary Order of Forfeiture.

8.     The defendant further acknowledges that he understands that

forfeiture of assets is part of the sentence that may be imposed on him in this case

and waives his rights to challenge any failure by the Court to advise him of this,

under Federal Rules of Criminal Procedure 11(b)(1)(J), 32.2, and 43(a), or

otherwise, at the time his guilty plea was accepted, and his sentence was

announced by the Court.

9.     Upon entry of this Order, the United States, its designee, the Federal

Bureau of Investigation, and/or the U.S. Marshals Service are authorized, pursuant

to Fed.R.Crim.P. 32.2(b)(2) and (3), to seize any property identified above which

is not currently in its custody or control, to conduct any discovery that the Court considers proper to help identify, locate, or dispose of any property seized, and the United States is authorized to begin proceedings consistent with applicable statutory requirements pertaining to ancillary hearings and the rights of any third parties.

10.    Pursuant to 21 U.S.C. § 853(n), Fed. R. Crim. P. Rule 32.2, and other applicable rules, the United States shall publish notice of this Stipulated Preliminary Order of Forfeiture and of its intent to dispose of the Subject Property on www.forfeiture.gov, for at least thirty consecutive days.  The United States may also, to the extent practicable, provide direct written notice to any person or entity known to have an alleged interest in the Subject Property.  The aforementioned notice shall direct that any person, other than the defendant, asserting a legal interest in the Subject Property must file a petition with the Court within thirty (30) days of the final date of publication of notice or within thirty (30) days of receipt of actual notice, whichever is earlier.  The petition shall be for a hearing before the Court alone, without a jury and in accordance with 21 U.S.C. § 853(n), to adjudicate the validity of the petitioner's alleged interest in the Subject Property. Any petition filed by a third-party asserting an interest in the Subject Property must be signed by the petitioner under penalty of perjury and must set forth the nature and extent of the petitioner's alleged right, title or interest in the Subject Property,

5

the time and circumstances of the petitioner's acquisition of the right, title, or interest in the Subject Property, any additional facts supporting the petitioner's claim, and the relief sought.

11.     After the disposition of any motion filed under Fed. R. Crim. P. 32.2(c)(1)(A) and before a hearing on any ancillary petition, the United States may conduct discovery in accordance with the Federal Rules of Civil Procedure upon a showing that such discovery is necessary or desirable to resolve factual issues in the ancillary proceeding.

12.     If no third-party files a timely petition before the expiration of the period provided in 21 U.S.C. § 853(n)(2), then this Stipulated Preliminary Order of Forfeiture shall become the Final Order of Forfeiture and the United States shall have clear title to the Subject Property as provided in 21 U.S.C. § 853(n)(7) and Fed. R. Crim. P. 32.2(c)(2).

13.     After this order becomes the Final Order of Forfeiture, the United States shall have clear title to the Subject Property and shall be authorized to dispose of the Subject Property as prescribed by law.

14.     If a third-party files a petition for ancillary hearing for the Subject Property, the Court shall enter an Amended and/or Final Order of Forfeiture that addresses the disposition of the third-party petition as provided under Fed. R. Crim. P. 32.2(c)(2).

15.     The Court shall retain jurisdiction to enforce this Order, and to amend

it as necessary, pursuant to Fed. R. Crim. P. 32.2.


Approved as to form and substance:

Dawn N. Ison
United States Attorney

s/Catherine E. Morris                 s/Rhonda R. Brazile
Catherine E. Morris (P84371)          Rhonda R. Brazile (P57170)
Assistant United States Attorney   Counsel for D-2 Demario Howell
211 W. Fort Street, Suite 2001    613 Abbott Street, Suite 500
Detroit, MI 48226                      Detroit, MI 48226
(313) 226-9562                          (313) 967-5542
Catherine.Morris@usdoj.gov        Rhonda_brazile@fd.org


Dated: March 30, 2023

                              Dated: April 3, 2023



*****************************

**IT IS SO ORDERED.**



Date: April 4, 2023                    s/Judith E. Levy
                                       Honorable Judith E. Levy
                                       United States District Judge